[Dkt. Nos. 738, 743, and 751]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
Camden Vicinage

_____
                                    :
UNITED STATES OF AMERICA,           :
                                    :
            v.                      :   Crim. No. 14-699-09 (RMB)
                                    :
RONAD DOUGLAS BYRD                  :   **OPINION**
_____ :

    This matter comes before the Court upon Defendant Ronald Douglas Byrd's, Motions to Reduce Sentence pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i) (compassionate release) Dkt. Nos. 738, 743, and 751.  Defendant Byrd is currently serving his sentence at FCI Williamsburg, with a projected release date to a half-way house on May 27, 2021.  The Court having considered the parties' submissions, and for the reasons discussed below, denies the Motion.

    On January 20, 2016, Byrd pled guilty to conspiring to distribute and possess with intent to distribute more than 5 kilograms of cocaine, more than one kilogram of heroin and more than 280 grams of crack cocaine, in violation of 21 U.S.C. § 846, 21 USC 841(a)(1) and (b)(1)(A)].  On July 11, 2017, the Honorable Jerome B. Simandle sentenced Defendant to 96 months in prison, with a five-year term of supervised release.

On January 21, 2021, Defendant filed his pro se motion stating that he suffers from "Hypertension (taking HydroChlothiazide, Lisinopril & Naxproxen), and Obesity (5'11'', 241lbs)", and fears that he is at an "increased risk of experiencing serious illness and death if infected with COVID19."

On January 26, 2021, Defendant filed an exhibit to his motion contending that he "was exposed to unclean conditions and [that] even some of the staff tested positive."

On February 18, 2021, counsel for Defendant filed a supplemental letter brief to be considered along with Defendant's pro se application for sentence reduction.

On March 7, 2021, the Government responded that Defendant does not satisfy the "extraordinary and compelling" standard for release [Dkt. No. 760].  Although Defendant suffers from hypertension and obesity and that these are conditions the CDC recognizes might be an increased risk, the BOP is well equipped to treat Defendant's medical needs.  Moreover, it has also introduced evidence of the measures that the Bureau of Prisons has taken to prevent the spread of the coronavirus.  It is set forth at length in the Government's Response.  See https://www.bop.gov/coronavirus/covid19_status.jsp (last visited March 7, 2021).

**DISCUSSION**

Although a district court generally has limited authority to modify a federally-imposed sentence once it commences, Dillon v. United States, 560 U.S. 817, 825 (2010), the First Step Act ("FSA"), 18 U.S.C. § 3582(c)(1)(A)(i), permits district courts to grant compassionate release where there exists "extraordinary and compelling reasons" to reduce a sentence. The statute provides, in relevant part, that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction. . .
>
> 18 U.S.C. § 3582(c) (emphasis added). As such, under the FSA, a defendant seeking a reduction in his term of imprisonment bears the burden of establishing both that he has satisfied (1) the procedural prerequisites for judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release.

This Court may only grant a motion for reduction of sentence under the FSA if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of

3

the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see also United States v. Raia, No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020), as revised (Apr. 8, 2020). This is a statutory requirement that this Court may not waive. See, e.g., Raia, 2020 WL 1647922 at *2; Massieu v. Reno, 91 F.3d 416, 419 (3d Cir. 1996); Ross v. Blake, 136 S. Ct. 1850 (2016).

There is no disagreement that Defendant has exhausted his administrative remedies. United States v. Raia, Civ. No. 20-1033, 2020 WL 1647922, at *2 (3d Cir. Apr. 2, 2020). The Court, thus, turns to the merits.

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, once the exhaustion requirement has been satisfied as it has here, grant a defendant's motion to reduce his term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]," if the Court finds that (i) "extraordinary and compelling reasons warrant such a reduction," and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Defendant bears the burden to establish that he is eligible for a sentence reduction. United States v.

4

Jones, 836 F.3d 896, 899 (8th Cir. 2016); United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness,"

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; cf.18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," 18 U.S.C. § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

5

such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i).  Second, the standard is met if the defendant is:

> (I)   suffering from a serious physical or medical condition,
>
> (II)  suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Id. § 1B1.13, cmt. n.1(A)(ii).  The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. Id. § 1B1.13, cmt. n.1(B)-(C).  The note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." Id. § 1B1.13, cmt. n.1(D).

Here, Defendant's medical conditions are not among the categories of conditions recognized by the CDC as entailing a greater risk of serious illness.  Although these conditions fall within the second set of identified health conditions for which persons might be at an increased risk, there is no evidence put

6

before this Court to demonstrate that his medical conditions are not being treated.  As the Government points to in its opposition brief, "In an effort to further reduce the spread of Covid-19 and to protect BOP staff and inmate, the BOP has began vaccinating both staff and inmates pursuant to an operation known as Covid-19 Vaccine Therapeutics Operation (formerly, Operation Warp Speed).  To date, the BOP has administered 71,241 doses of vaccine, including fully inoculating 113 staff members and 93 inmates at FCI Williamsburg.  See *https://www.bop.gov/coronavirus/* (as of March 7, 2021).  Additional staff and inmates are in the process of being vaccinated as the BOP receives additional doses of vaccine.  On January 14, 2021, Defendant Byrd was offered the vaccine but refused it.  In the final analysis, the Court finds that Defendant has not met his burden in presenting extraordinary and compelling reasons which would warrant his immediate release.

The "history and characteristics of the defendant" and the need to protect the public also counsel against any sentencing reduction.  As set forth in the Government's opposition, the Defendant has a troubled criminal history.  He has spent much of his life committing crimes, including serious violent crimes and narcotics offenses.  The Court has little confidence that he will abide by conditions of release.  For similar reasons, the

7

need for deterrence and the need to punish the Defendant also weigh against reducing Defendant's sentence.

The Court recognizes the concerns raised by Defendant as to his medical conditions and has weighed those factors as well but in its final analysis, the Court has reviewed the record and cannot find that the §3553(a) factors warrant his release. Rather, they counsel in favor of continued incarceration.

The Motion is therefore DENIED.

s/Renée Marie Bumb_____
RENÉE MARIE BUMB
United States District Judge

Dated: March 11, 2021

8